# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ROBERTO FERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>EASY CASH ASAP, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:19-cv-00918<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

**NOW COMES** EASY CASH ASAP, LLC ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EASY CASH ASAP, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.,* and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391 as Defendant engages in substantial business activity in this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District, 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff is a natural person residing in Fort Worth, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is an online lender offering short-term installment loans to qualified consumers in the states of Missouri, Wisconsin, South Carolina, and Utah. Defendant maintains a registered office address at 11775 W. 112th St., Suite 103, Overland Park, KS 66210, and it regularly collects debts from consumers.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. On or about October 8, 2019, Plaintiff began receiving calls to his cellular phone from the phone number (816) 287-2041, which belongs to, or is used by, Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular phone ending in 1091. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Plaintiff did not ever obtain or apply for a loan from Defendant nor did Plaintiff ever have a prior business relationship with Defendant. As such, Plaintiff did not understand why Defendant was calling him.

12. Upon information and belief, Defendant was calling Plaintiff to collect upon an unknown debt that was in default.

13. On October 8, 2019, Defendant called Plaintiff multiple times.

14. On October 9, 2019 Defendant called Plaintiff at approximately 12:09 p.m., then at 12:10

p.m., then at 12:16 p.m., then at 12:17 p.m., and then again at 12:21 p.m.

15. The calls on October 9, 2019 continued. Plaintiff then received a call at 2:19 p.m and then 4 consecutive calls, barely seconds apart, all at 2:20 p.m.

16. Plaintiff does not generally answer calls he does not recognize, but frustrated with the barrage and frequency of the calls, on the same day of October 9, 2019, at approximately 2:21 p.m. Plaintiff answered a call from Defendant. In this call, Plaintiff noted a pause lasting several seconds in length before Defendant answered.

17. Plaintiff advised Defendant that he did not know who it was and that he did not have anything to do with it. Defendant asked Plaintiff for personal information but Plaintiff refused to provide it to Defendant as Plaintiff had never had any kind of relationship with Defendant. Plaintiff angrily demanded that Defendant stop calling him, but Defendant ignored Plaintiff's demand.

18. On October 9, 2019, Defendant called Plaintiff *again* at approximately 5:38 p.m. and 7:54 p.m.

19. On October 10, 2019, the barrage of calls continued. Plaintiff received another call at 2:26 p.m. and yet another at 7:49 p.m.

20. Immediately after receiving the call at 7:49 p.m., on October 10, 2019, Plaintiff called Defendant. Defendant answered, and Plaintiff was put on "hold" for several minutes, but Plaintiff could still hear voices in the background. Tired of waiting, Plaintiff hung up.

21. After Plaintiff hung up, he immediately called back hoping he would not be put on hold again. But when Defendant answered this second call from Plaintiff, Plaintiff again, was put on "hold." Although Plaintiff was put on "hold" this second time, again he heard voices in the background.

22. Plaintiff noted that Defendant was due to close at 8:00 pm on October 10, 2019. Upon

information and belief, Defendant knew it was Plaintiff calling it back within those last ten minutes before Defendant closed. Rather than speak with Plaintiff to address the reasons Defendant kept calling despite the demand to stop, upon information and belief, Defendant chose to "run out the clock" and ignore Plaintiff by putting him on "hold" until Defendant ceased operations for the day.

23. Within the course of a few days, Defendant called Plaintiff dozens of times with many calls made only seconds apart.

24. The volume and frequency of the calls made to Plaintiff, especially after he explained that he had no relationship to the Plaintiff and after he demanded the calls to stop, were annoying and harassing.

25. The barrage of calls and Defendant's conduct in putting Plaintiff on "hold" twice in the last minutes before it closed on October 10, 2019, to avoid speaking with Plaintiff, evidenced Defendant's intent to harass Plaintiff.

26. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their

cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

32. Defendant violated the TCPA by placing dozens of phone calls to Plaintiff's cellular phone using an ATDS without his prior consent.

33. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, ROBERTO FERNANDEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## **COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

35. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. The subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation arising from a transaction for personal, family, or household purposes.  Defendant provides short-term loans to consumers.

38. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### i.  **Violations of TDCA § 391.302**

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant's conduct violated the TDCA.  The volume and frequency of calls over the course of few days despite the demand to stop calling coupled with Defendant's actions in ignoring Plaintiff by falsely putting him on "hold" twice in the few minutes before it closed, so as to avoid speaking to Plaintiff, evidences Defendant's intent to harass and annoy Plaintiff.

41. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff.

42. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone without his consent.

43. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, ROBERTO FERNANDEZ, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b); and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 31, 2019

Respectfully Submitted,

/s/ Majdi Y. Hijazin

Majdi Y. Hijazin, *Of Counsel*
Counsel for Plaintiffs
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
mhijazin@hijazinlaw.com